J-S06010-23
J-S06011-23
J-S06012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN WHITLOCK | : | |
| | : | |
| Appellant | : | No. 1077 MDA 2022 |

Appeal from the Judgment of Sentence Entered June 17, 2022
In the Court of Common Pleas of Lackawanna County
Criminal Division at No.: CP-35-CR-0000319-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN WHITLOCK | : | |
| | : | |
| Appellant | : | No. 1080 MDA 2022 |

Appeal from the Judgment of Sentence Entered June 17, 2022
In the Court of Common Pleas of Lackawanna County
Criminal Division at No.: CP-35-CR-0001300-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN S. WHITLOCK | : | |
| | : | |
| Appellant | : | No. 1081 MDA 2022 |

Appeal from the Judgment of Sentence Entered June 17, 2022
In the Court of Common Pleas of Lackawanna County
Criminal Division at No.: CP-35-CR-0001368-2021

J-S06010-23
J-S06011-23
S-S06012-23

BEFORE:   STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:          **FILED: JUNE 7, 2023**

Appellant John Whitlock appeals from the June 17, 2022 judgments of sentence entered in the Court of Common Pleas of Lackawanna County ("trial court"), following his guilty pleas at three unrelated dockets. His counsel has filed briefs and applications to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1969), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009) at each of the above-reference dockets. Upon review, we affirm the judgments of sentence and grant counsel's applications to withdraw.

The facts and procedural history of this case are undisputed. Briefly,[1] in connection with the theft of catalytic converters, on October 7, 2021, Appellant pleaded guilty to theft by unlawful taking—movable property,[2] at docket 1300-2021, and defiant trespass[3] at docket 1368-2021. At the time, Appellant was being held at Lackawanna County Prison and was willing to participate in substance abuse treatment. On December 6, 2021, the trial court granted Appellant's petition for release from incarceration for treatment of addiction/mental health conditions. Setting an unsecured bail in the amount of $10,000.00, the trial court directed that Appellant be transported

---

[*] Former Justice specially assigned to the Superior Court.

[1] We observe that Appellant was on parole in an unrelated case at the time he committed the crimes at issue. Although we need not detail his extensive criminal history for purposes of this appeal, the trial court aptly recounts it in its Pa.R.A.P. 1925(a) opinion. ***See*** Trial Court Opinion, 11/15/22, at 1-7.

[2] 18 Pa.C.S.A. § 3921(a).

[3] 18 Pa.C.S.A. § 3503(b)(1)(ii).

- 2 -

to Pyramid Hillside for treatment. Later, Appellant, however, left the treatment center against medical advice and failed to report to the Lackawanna County Prison as ordered. A warrant for his arrest was issued.

During the time Appellant absconded from treatment at Pyramid Hillside, he was charged with multiple additional crimes at docket 319-2022 relating to theft of catalytic converters. Ultimately, on June 7, 2022, Appellant pleaded guilty to another count of theft by unlawful taking—movable property—at docket 319-2022. On June 17, 2022, the trial court sentenced Appellant to, *inter alia*, 12 to 26 months' incarceration at docket 1300-2021, 9 to 24 months in prison at 1368-2021, and 16 to 36 months' incarceration at 319-2022.[4] The sentences imposed are in the standard range.

Appellant moved for reconsideration of sentences on June 27, 2022, challenging the discretionary aspects thereof. In particular, Appellant claimed that the trial court failed to properly address "his serious mental health concerns." Reconsideration Motion, 6/27/22, at 3. On July 5, 2022, the trial court denied the reconsideration motions. Appellant timely appealed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal. Appellant complied, challenging only the discretionary aspects of his sentences. In response, the trial court issued a detailed Rule 1925(a) opinion.

---

[4] The sentences are consecutive to each other and to sentences imposed in unrelated dockets that are not at issue herein.

On December 28, 2022, Appellant's counsel filed in this Court applications to withdraw as counsel at the above-referenced dockets and filed **Anders** briefs, wherein counsel asserted that the trial court abused its discretion in imposing "a harsh and excessive sentence by failing to take into consideration Appellant's mental health and drug addiction issues and the fact that his present offense[s were] not a crime of violence." **Anders** Brief at 4 (docket 1300-2021).

When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). It is well-established that, in requesting a withdrawal, counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's applications to withdraw from representation provide that counsel reviewed the record and concluded that the respective appeals are frivolous. Furthermore, counsel notified Appellant that she was

seeking permission to withdraw and provided Appellant with copies of the applications to withdraw and her **Anders** briefs. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of **Anders**.

We next must determine whether counsel's **Anders** briefs comply with the substantive requirements of **Santiago**, wherein our Supreme Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Here, our review of counsel's briefs indicates that she has complied with the briefing requirements of **Santiago**. We, therefore, conclude that counsel has satisfied the minimum requirements of **Anders**/**Santiago**.

Once counsel has met her obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5. Thus, we now turn to the merits of Appellant's appeal.

Appellant's sole issue before us implicates the discretionary aspects of his sentence. *See Commonwealth v. Weir*, 239 A.3d 25, 38 (Pa. 2020) (explaining that a challenge to the amount of restitution based on evidence presented by the Commonwealth is a challenge to the discretionary aspects of sentencing). It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first three requirements of the four-part *Moury* test. Appellant filed a timely appeal to this Court, preserved the issue on appeal through his post-sentence motions, and included a Pa.R.A.P. 2119(f) statement in his briefs.[5] We, therefore, must determine only if Appellant's sentencing issues raise a substantial question.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), *appeal denied*, 964 A.2d 895 (Pa. 2009). "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013), *affirmed*, 125 A.3d 394 (Pa. 2015).

It is settled that this Court does not accept bald assertions of sentencing errors. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super.

---

[5] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

2006). When we examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." **_Commonwealth v. Ahmad_**, 961 A.2d 884, 886-87 (Pa. Super. 2008) (quoting **_Commonwealth v. Tirado_**, 870 A.2d 362, 365 (Pa. Super. 2005)). A Rule 2119(f) statement is inadequate when it "contains incantations of statutory provisions and pronouncements of conclusions of law[.]" **_Commonwealth v. Bullock_**, 868 A.2d 516, 528 (Pa. Super. 2005) (citation omitted).

Here, as indicated, Appellant essentially asserts in his Rule 2119(f) statement that the trial court abused its discretion in failing to consider mitigating factors, such as "his addiction and mental health issues." Appellant's Brief at 10. Based on his 2119(f) statements, we conclude that Appellant has failed to raise a substantial question.

As noted, Appellant's discretionary claim principally is premised on his argument that the trial court failed to consider his mitigating circumstances. In this regard, we have "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." **_Commonwealth v. Disalvo_**, 70 A.3d 900, 903 (Pa. Super. 2013) (quoting **_Commonwealth v. Downing_**, 990 A.2d 788, 794 (Pa. Super. 2010)); **_see also Commonwealth v. Berry_**, 785 A.2d 994 (Pa. Super.

2001) (explaining allegation that sentencing court failed to consider certain mitigating factor generally does not raise a substantial question); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995) ("[a]n allegation that a sentencing [judge] 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate,"), *appeal denied*, 676 A.2d 1195 (Pa. 1996); *Commonwealth v. Bershad*, 693 A.2d 1303, 1309 (Pa. Super. 1997) (finding absence of substantial question where appellant argued the trial court failed to adequately consider mitigating factors and to impose an individualized sentence). Consistent with the foregoing cases, we conclude that Appellant failed to raise a substantial question with respect to his sentencing claim premised on inadequate consideration of mitigating factors.

Even if we were to find a substantial question, Appellant still would not be entitled to relief. It is well-settled that "[w]here[, as here,] the sentencing court had the benefit of a presentence investigation ('PSI'), we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" *Moury*, 992 A.2d at 171. Indeed, our review of the sentencing transcript reveals that the trial court heard testimony and argument concerning Appellant's mitigating circumstances and considered the same in crafting his sentence. *See* N.T., Sentencing, 6/17/22, at 3-4, 6-10. Accordingly, Appellant's sentencing claim based on insufficient consideration

of mitigating factors lacks merit. The trial court, therefore, did not abuse its discretion.

Furthermore, to the extent Appellant challenges his respective sentences on the basis that they are "harsh and excessive," the challenge is waived, as the Commonwealth argues, because he did not preserve it for our review by failing to raise it before the trial court at sentencing or in the post-sentence motion. **See** Pa.R.Crim.P. 720(A)(1); **see also Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (holding objections to discretionary aspects of sentence are generally waived if not raised at sentencing or preserved in a post-sentence motion); **accord Commonwealth v. Reeves**, 778 A.2d 691, 692-93 (Pa. Super. 2001) (failure to raise specific claim regarding imposition of sentence in post-sentence motion deprived trial court opportunity to consider it and, thus, claim waived on appeal). In **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013), we explained that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **Cartrette**, 83 A.3d at 1042 (citation omitted). Additionally, Appellant may not raise this challenge for the first time on appeal. **See** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Accordingly, Appellant is not entitled to relief.

Based upon our independent review of the record, as detailed above, we agree with counsel that Appellant has not raised any non-frivolous matters herein. We, therefore, affirm the judgments of sentence and grant counsel's applications to withdraw.

Judgments of sentence affirmed. Applications to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2023